UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:10-cv-342-GZS |
| HARI OM, LLC, et al., | ) ) | |
| Defendants | ) | |

### MEMORANDUM DECISION ON MOTION FOR EXTENSION OF TIME

In response to this court's order to show cause why this case should not be dismissed for failure to serve the named individual defendants within 120 days (Docket No. 9), the plaintiff filed a response that included a motion to extend the deadline for service by 60 days. Response to Order to Show Cause ("Motion") (Docket No. 10) at 1. HARI OM, LLC, the only defendant that has been served, opposes the motion. Opposition to Response to Order to Show Cause ("Opposition") (Docket No. 13). I now grant the motion.

Rule 4 of the Federal Rules of Civil Procedure governs service of process. It provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The attorneys for the two parties currently before the court disagree about the terms of an agreement that they reached with respect to whether service on the individual defendants, all but one of whom were apparently represented by the same attorney who represents the corporate defendant, would be deferred while the parties engaged in settlement discussions. Most significantly, counsel for the plaintiff believed that the attorney for the defendant had agreed to accept service on behalf of all of the individual defendants, Affidavit of Margaret Minister O'Keefe ("First O'Keefe Aff.") (Docket No. 10-1) ¶¶ 7-10; counsel for the defendant suggests that she did not so agree, Affidavit of Rebecca Webber (Docket No. 13-2) ¶¶ 6-7. The attorney for the plaintiff also reasonably believed, until the corporate defendant's opposition to the pending motion was filed, that service had been made on one of the individual defendants. First O'Keefe Aff. ¶ 3; Affidavit of Margaret Minister O'Keefe ("Second O'Keefe Aff.") (Docket No. 14-1 ¶ 5(4).

The plaintiff's attorney was required to attend to unanticipated family matters during the 120 days allowed by Rule 4(m). There were also apparently other misunderstandings between counsel during this period.

Of course, attorneys may not by mere agreement among themselves extend the deadline imposed by Rule 4(m); only the court can do that. The better practice would have been for counsel for the plaintiff to have sought additional time for service before the 120 days expired, but case law interpreting Rule 4(m) allows for even facially untimely requests for extension. *E.g.*, *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 526 n.3 (M.D.Pa. 2010).

The corporate defendant offers little or no substantive opposition to the motion, relying instead on an attack on the plaintiff's presumed motives for bringing this action and the perceived lack of merit of the claim presented in the complaint, as the defendant construes it.

Even assuming *arguendo,* as I do here, that good cause for the failure to serve a named defendant has not been demonstrated, the applicable legal test at this stage of the proceedings, which the defendant does not address, requires the court to consider whether the individual defendants have evaded service, concealed a defect in the attempted service, or been prejudiced by the failure to serve; how long after the 120-day period service will be accomplished; and whether the applicable statute of limitations has expired. *Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662, 666 (D. Vt. 1996).

In the instant case, no mention of the applicable statute of limitations has been made by either side. I cannot conclude on the affidavits submitted that the three of the four named individual defendants who are represented by the attorney who represents the corporate defendant have evaded service or concealed the fact that the Patel who was served was not the Patel named in the complaint. On the other hand, no prejudice to the named putative defendants resulting from the delay has been shown; indeed, at least three of the four are presumably aware of the complaint through their attorney. I expect that service will be accomplished promptly after this motion is granted. These factors slightly favor the plaintiff.

That is all that is necessary.[1] Granting the motion will not postpone trial and will serve the interests of judicial economy and limiting the cost of litigation, because the plaintiff's claims will be addressed in a single action rather than two.

Accordingly, the motion included in the plaintiff's response to the order to show cause, to extend time for service of process on the four individual defendants, is **GRANTED**. The plaintiff shall serve each of the four individual defendants no later than 60 days from the date of this memorandum decision. The order to show cause shall be terminated as **MOOT**.

---

[1] The corporate defendant asserts, as a reason to deny the motion, that "there are no allegations of wrongdoing" asserted against the individual defendants in the complaint. Opposition at 2-3. This is incorrect. Complaint and Demand for Jury Trial (Docket No. 1) ¶¶ 34, 43-44, 46-50, 55-61, 63-69, 71-76, 78-80.

Dated this 4th day of January, 2011.

                                                                      /s/ John H. Rich III
                                                                       John H. Rich III
                                                                       United States Magistrate Judge